UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAMELA F.,[1]

      Plaintiff,

     v.                                                                        23-CV-1184 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

**DECISION AND ORDER**

     Plaintiff Pamela F. brought this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) of the Social Security Act, seeking review of the decision of the

Commissioner of the Social Security Administration that she was not disabled. Dkt.

1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The Commissioner

responded and cross-moved for judgment on the pleadings, to which Plaintiff

replied. Dkts. 7, 8. For the reasons that follow, the Court denies Plaintiff's motion

and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), both filed on February 17, 2021.[2]  Tr. 499–502, 504–10.[3]  Plaintiff's applications were initially denied, and she requested a hearing before an administrative law judge ("ALJ").  Tr. 366–75, 396.  Following the hearing, at which Plaintiff was represented by counsel, ALJ Stephen Cordovani issued a decision finding that Plaintiff was not disabled.  Tr. 248–58.  Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action.  Tr. 1–3; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).  The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI.  To receive DIB, a claimant must show that she became disabled while meeting the Act's insured status requirements.  *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022).  SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (citation modified).  The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs.  *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filings at Dkts. 4 and 5 are the transcript of the proceedings before the Social Security Administration.  All references to Dkts. 4 and 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If

the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the

claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1560(c), 416.960(c).  Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 13, 2020, her alleged onset date.  Tr. 250.  The ALJ also found that Plaintiff suffered from the following severe impairments: "osteoarthritis of the bilateral hips and knees, status post bilateral total hip replacements." *Id.* at 251.  The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

[Plaintiff's] total standing and walking would be limited to only two hours; she could do occasional ramps and stairs; frequent[ly] balance as that term is defined in the Selected Characteristics of Occupations ("SCO"); occasional[ly] stoop, kneel, crouch[,] and crawl; [and] occasional[ly climb] ladders, ropes[,] and scaffolds.

*Id.* at 252.

The ALJ then found that Plaintiff was unable to perform any past relevant work. Tr. 256. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. *Id.* at 257–58. As such, according to the ALJ, Plaintiff had not been under a disability since her alleged onset date. *Id.* at 258.

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. *See* Dkt. 5-1 at 8–12. More specifically, Plaintiff argues that the ALJ improperly relied "on the stale medical opinion[s] of the consultative examiners and the non-examining state agency review physicians." *Id.* at 8. For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be

6

based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024).  So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error.  *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ['s] finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).  "[I]n considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to [a] medical opinion." *Maria K. v. Comm'r of Soc. Sec.*, 2026 WL 532331, at *3 (W.D.N.Y. Feb. 26, 2026) (citation modified).  Subsequent surgeries alone, however, do not "render opinions stale, rather, [a] plaintiff must also show that his physical condition deteriorated after the medical opinions were provided." *Anthony F. v. Comm'r of Soc. Sec.*, 2023 WL 7294874, at *4 (W.D.N.Y. Nov. 6, 2023) (citation modified).

Here, the ALJ relied on the opinions of consultative examiners Hongbiau Liu, M.D., and John Schwab, D.O.  *See* Tr. 254, 256.  Dr. Liu opined that Plaintiff had mild-to-moderate limitations in "prolonged walking, bending, kneeling, squatting, stair[-]climbing, carrying heavy weights, [and] prolonged sitting[] and standing.  *Id.*

7

at 702.  Dr. Schwab, on the other hand, found Plaintiff more limited, opining that Plaintiff had "marked" limitations in "prolonged walking, climbing stairs and ladders, and prolonged standing." *Id.* at 710.

The ALJ also relied on the opinions of J. Lawrence, M.D., and G. Ehlert, M.D., state agency medical consultants.  *See* Tr. 256.  Dr. Lawrence found that Plaintiff could stand or walk for up two hours and sit for up to six hours in an eight-hour workday.  *Id.* at 316.  Dr. Lawrence also found that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, or scaffolds and occasionally stoop, kneel, crouch, or crawl.  *Id.* at 316–17.  Dr. Ehlert subsequently reviewed the record and affirmed Dr. Lawrence's findings.  *See id.* at 342–44.

On November 3, 2021, and March 30, 2022, Plaintiff underwent right and left hip replacement surgeries, respectively.  *See* Tr. 832–38.  Plaintiff argues that those surgeries—which occurred after Drs. Liu, Schwab, Lawrence, and Ehlert's opinions were issued—rendered their opinions stale.  *See* Dkt. 5-1 at 11.  And because the ALJ relied on their opinions, Plaintiff says, the ALJ's decision was not supported by substantial evidence.  *See id.*

But "Plaintiff bears the burden at step four and must show that her physical condition deteriorated after the medical opinions were provided." *Jennifer O. v. Comm'r of Soc. Sec.,* 2022 WL 2718510, at *7 (W.D.N.Y. July 13, 2022).  And while Plaintiff says that her "abnormal medical records and . . . her multiple surgeries over time demonstrate that her condition deteriorated," she does not identify any evidence that her condition did, in fact, deteriorate.  *See* Dkt. 5-1 at 11.  On the

8

contrary, the medical evidence suggests that Plaintiff's condition improved after surgery.

For example, on November 16, 2021, Plaintiff appeared for a post-operative follow-up with Evgeny Dyskin, M.D. *See* Tr. 851–52. There, Plaintiff reported "minimal" right hip pain and was "ecstatic" with the results of her right hip replacement surgery. *Id.* at 851. On April 12, 2022, following her left hip replacement surgery, Plaintiff made similar reports. *See id.* at 854. And on June 21, 2022, Plaintiff "denie[d] any pain" and indicated that she was "very satisfied with the outcomes of her surger[ies]" and was "back to all of her usual activit[ies]." *Id.* at 857. Certainly, then, Plaintiff's condition had improved since Dr. Schwab's examination and Dr. Ehlert's review of the record, when Plaintiff reported "6/10" knee and hip pain and that she could only "walk about ten feet." *Id.* at 344, 708.

Therefore, because Plaintiff's condition did not significantly deteriorate or change since Drs. Liu, Schwab, Lawrence, and Ehlert's opinions were issued, their opinions were not stale, and the ALJ was entitled to rely on them. *See Bridget L.B. v. Comm'r of Soc. Sec.*, 2026 WL 411687, at *3 (W.D.N.Y. Feb. 13, 2026) ("Indeed, significant deterioration or change in a claimant's impairments is . . . a necessary factor in finding staleness." (citation modified) (quoting *Diane B. v. Comm'r of Soc. Sec.*, 2021 WL 1975400, at *6 (W.D.N.Y. May 18, 2021))). Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 54, 56 (2d Cir. 2013), and because the ALJ did that, the ALJ's decision was supported by

9

substantial evidence, and this Court will not second-guess it, *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 7) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 5). The Clerk of Court shall close this case.

SO ORDERED.

Dated:      March 24, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE